1
2
3
4
5
6
7              **UNITED STATES DISTRICT COURT**
8             **NORTHERN DISTRICT OF CALIFORNIA**
9                **SAN FRANCISCO DIVISION**

10  PETR TRUNOV,                          Case No. 12-cv-04149 NC

11               Plaintiff,               **ORDER DENYING MOTION TO**
                                          **DISMISS COUNTERCLAIM**
12          v.
                                          Re: Dkt. No. 14
13  ANDRE E. RUSANOFF, and AT COST
    FLIGHTS CORP.,
14
                 Defendants.
15

16

17        Plaintiff Petr Trunov moves to dismiss defendant Andre Rusanoff's counterclaim of

18  promissory estoppel under Federal Rule of Civil Procedure 12(b)(6).  The issue is whether

19  Rusanoff's claim of promissory estoppel contains sufficient facts to state a claim for relief

20  that is plausible on its face.  Because it does, the Court DENIES the motion to dismiss.

21                              **I. BACKGROUND**

22  **A.    Trunov's Complaint**

23        Trunov alleges that Rusanoff contacted him in 2010 about a potential business

24  venture.  Dkt. No. 1 at 2-3.  Rusanoff was developing At Cost Flights, a business that sells

25  airfares online, which was showing impressive revenue potential and sales numbers.  *Id.* at

26  3.  Trunov proposed a partnership in the venture, with Rusanoff and Trunov each having an

27  equal share in the profits and an equal say in the management and operations.  *Id.*  Trunov

28  would be responsible for financing the business, and Rusanoff would be responsible for

    Case No. 12-cv-04149 NC
    ORDER DENYING MOTION TO
    DISMISS COUNTERCLAIM

preparing a business plan, finding a space to lease, and hiring sales people.  *Id.*  In November 2010, Trunov and Rusanoff finalized a verbal partnership agreement in which Trunov owned a 49% share of the partnership, including management and profits.  *Id.*

Trunov made three separate payments to Rusanoff in accordance with their agreement.  First on September 2, 2010, Trunov transferred $200,000 into a joint bank account for the business, in order to secure a lease on a space for the business.  *Id.*  Second, in December 2010, Trunov transferred $150,000 into the joint account after Rusanoff informed him that the business was almost out of money.  *Id.* at 4.  Third, in January 2011, when Rusanoff requested more funds for the business, Trunov deposited another $30,000 into the joint account.  *Id.*

In January 2011, Rusanoff for the first time granted Trunov access to the business' sales records and expenditures.  *Id.*  Trunov made requests about how the business should be operated.  *Id.*  Rusanoff told Trunov that he was a silent partner and had no say in the management of At Cost Flights.  *Id.*  Trunov refused to provide any additional funding until he had a say in running the business.  *Id.*  Still, Rusanoff refused.  *Id.*

As a result of the disagreement between the partners, Trunov rescinded the partnership agreement in March 2011 and demanded to recoup the money he had invested in the business.  *Id.* at 5.  Rusanoff refused to pay back the $380,000 Trunov had invested and claimed the money was a loan to the business, with no payoff period or due date.  *Id.*  He also claimed that Trunov had made an equity investment in the business and thereby accepted the risk that the entire investment could be lost.  *Id.*

No equity in At Cost Flights has been issued to Trunov, nor has he drawn any salary or received any profits.  *Id.*  He believes, however, that Rusanoff and members of his family have worked for At Cost Flights and have received salaries.  *Id.*

Trunov alleges four claims against Rusanoff (1) breach of the partnership agreement; (2) breach of the implied covenant of good faith and fair dealing; (3) intentional misrepresentation; and (4) negligent misrepresentation.  In addition to damages, Trunov seeks an accounting, rescission, and declaratory relief.

Case No. 12-cv-04149 NC
ORDER DENYING MOTION TO                    2
DISMISS COUNTERCLAIM

**B.     Rusanoff's Counterclaim**

Rusanoff alleges two counterclaims against Trunov: (1) breach of contract, and (2) promissory estoppel.  Dkt. No. 7.  First, Rusanoff alleges that Trunov breached the terms of the partnership agreement when he refused to finance At Cost Flights in January 2011.  *Id.* at 3.  Second, he claims that Trunov made a clear and unambiguous promise in November 2010 to finance the business for a period of six months up to a maximum of $1,000,000, and that this financing could be used to pay all business expenses, including salaries.  *Id.* 2-3.  Rusanoff alleges that he has incurred expenses and that the business has suffered because of Trunov's refusal to provide financing.  *Id.*

**C.     Trunov's Motion to Dismiss**

Trunov moves to dismiss Rusanoff's counterclaim of promissory estoppel arguing that because Rusanoff admits the existence of a partnership agreement, he cannot state a claim for promissory estoppel.  Dkt. No. 14 at 4-5.  Trunov also contends that Rusanoff fails to plead his promissory estoppel claim with sufficient specificity.  *Id.* at 4.

Rusanoff opposes the motion arguing that he is entitled to plead alternative theories of liability, and that he states sufficient facts to state a claim for relief.  Dkt. No. 17 at 3-4.

**D.     Jurisdiction**

This Court has jurisdiction under 28 U.S.C. § 1332(a).  All parties have consented to the jurisdiction of a United States magistrate judge under 28 U.S.C. § 636(c).

**II. STANDARD OF REVIEW**

A motion to dismiss a counterclaim brought under Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint.  *See* Fed. R. Civ. P. 13 ("A pleading must state as a counterclaim . . . ."); Fed. R. Civ. P. 12(b) ("Every defense to a claim for relief in *any* pleading . . . .") (emphasis added).  To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a party must plead his claim with sufficient specificity to give his opponent "fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] complaint must contain sufficient factual matter, accepted

1  as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility

2  when the plaintiff pleads factual content that allows the court to draw the reasonable

3  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

4  U.S. 662, 663 (2009) (citation and internal quotation marks omitted). A court is not

5  required to accept as true conclusory allegations, unreasonable inferences, or unwarranted

6  deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th

7  Cir. 2008). If a complaint lacks facial plausibility, a court must grant leave to amend

8  unless it is clear that the complaint's deficiencies cannot be cured by amendment.

9  *Gompper v. VISX*, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

10      Federal Rule of Civil Procedure 8(d)(2) allows a party to plead multiple statements

11  of a claim alternatively. "If a party makes alternative statements, the pleading is sufficient

12  if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2).

13                              **III. DISCUSSION**

14      First, the Court considers whether Rusanoff may plead breach of contract and

15  promissory estoppel in the alternative. Like any other pleading, Rusanoff may plead

16  theories in the alternative in his counterclaim. The facts alleged that support the existence

17  of an oral contract do not preclude a claim of promissory estoppel. And, although the

18  parties allege that there was an oral contract, the terms of that contract are in dispute. For

19  example, Rusanoff alleges that Trunov promised to provide financing for six months and

20  up to $1,000,000, a fact which Trunov does not allege. Thus, whether the parties made an

21  enforceable contract has not been determined. Rusanoff must at this time plead any claims

22  that arise out of the venture between him and Trunov, and he properly raised an alternative

23  theory to breach of contract.

24       Second, the facts that support Rusanoff's promissory estoppel claim are sufficiently

25  specific to state a plausible claim for relief. Under California law, "a promise which the

26  promisor should reasonably expect to induce action or forbearance on the part of the

27  promisee and which does induce such action or forbearance is binding if injustice can be

28  avoided only by enforcement of the promise." *People v. Castillo*, P.3d 1132, 1139 (Cal.

Case No. 12-cv-04149 NC
ORDER DENYING MOTION TO          4
DISMISS COUNTERCLAIM

2010) (internal citation and quotation omitted).  Here, Rusanoff alleges that the parties agreed that Trunov would provide financial support for six months up to $1,000,000, and that this financing would cover all business expenses, including Rusanoff's and the sales people's salaries.  Rusanoff alleges that in reliance on this agreement, he incurred business expenses he otherwise would not have.  Because Trunov has failed to follow through with his promise to finance the business, its profitability has suffered, and Rusanoff has had to provide money himself and obtain other financing.  Taking Rusanoff's allegations of Trunov's promise as true, it is plausible that the business continued to incur salary and capital expenses and that when Trunov declined to provide additional funding, that the business suffered.  If this promise is not enforced, Rusanoff will bear the costs of financing or obtaining financing for At Cost Flights.

## IV. CONCLUSION

Rusanoff may plead counterclaims in the alternative, and he pleads his claim of promissory estoppel with sufficient specificity to state a plausible claim for relief. Accordingly, the Court DENIES Trunov's motion to dismiss Rusanoff's counterclaim of promissory estoppel.  Trunov must file an answer to the counterclaims within fourteen days of the date of this order.

IT IS SO ORDERED.

Date: December 10, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge